JOHN L. BURRIS ESQ., SBN #69888
ADANTE POINTER ESQ., SBN #258789
JAMES COOK ESQ., SBN #300212
LAW OFFICES OF JOHN L. BURRIS
AIRPORT CORPORATE CENTRE
7677 OAKPORT STREET, SUITE 1120
OAKLAND, CALIFORNIA 94621
TELEPHONE: (510) 839-5200
FACSIMILE: (510) 839-3882
JAMES.COOK@JOHNBURRISLAW.COM

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LAWRENCE WHITE, an individual, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF BERKELEY, a municipal corporation; OFFICER JONES (FNU), individually and in his official capacity as a law enforcement agent for the City of Berkeley Police Department; DOES 1-50, inclusive; individually and in their capacities as law enforcement agents and/or personnel for the Berkeley Police Department, <br><br> Defendants | Case No.: <br><br> COMPLAINT FOR DAMAGES <br> (42 U.S.C §§ 1983, 1988; and pendent tort claims) <br><br> JURY TRIAL DEMANDED |

**INTRODUCTION**

1. This is an action for damages brought pursuant to Title 42 U.S.C §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, under California Civil Code § 52.1 and § 51.7, and under the common law of California. This action is

against the CITY OF BERKELEY. It is also alleged that these violations and torts were committed due to policies and customs of Defendant Department.

## JURISDICTION

2. This action arises under Title 42 of the United States Code § 1983. Jurisdiction is conferred upon this Court by Title 42 of the United States Code§§ 1331 and 1343. The unlawful acts and practices alleged herein occurred in BERKELEY, CA which is within this judicial district.

## PARTIES

3. At all times relevant to this complaint, Plaintiff LAWRENCE WHITE (hereinafter "Plaintiff") was an African American resident of Berkeley and a United States Citizen.

4. Defendants CITY OF BERKELEY (hereinafter "City") is and at all times herein mentioned are a municipal entities duly organized and existing under the laws of the State of California. Berkeley Police Department is under the authority of Berkeley.

5. At all times mentioned herein OFFICER JONES (hereinafter "Defendant"), individually and in his official capacity as a law enforcement agent for the City of Berkeley Police Department.

6. Plaintiff is ignorant of the true names and/or capacities of Defendants sued herein as DOES 1-25, inclusive, and therefore sue said Defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff believes and alleges that each of the DOE Defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth. Each Defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, violation of public policy, and false arrests. Each Defendant is liable for his/her personal

conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission. Plaintiff will ask leave to amend this complaint subject to further discovery. In doing the acts alleged herein, Defendants, and each of them acted within the course and scope of their employment. In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law. Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, and employee and/or in concert with each of said other Defendants herein.

**EXHAUSTION OF ADMINSTRATIVE REMEDIES**

7.     Plaintiff is required to comply with an administrative tort claim requirement pursuant to California Government Code Section 910. Plaintiff has exhausted all administrative remedies. Plaintiff filed a state claim with the appropriate entity within the six-month statute of limitations.

**FACTS**

8.     The incident took place On October 21, 2013 at approximately 2:00 p.m. at the intersection of Spalding and Bancroft in Berkeley, CA.

9.     Plaintiff, Lawrence White, was walking to the corner store, when he witnessed Berkeley Police Officers conducting a stop and search.

10.     Several Officers approached Mr. White. Officer Jones placed Mr. White's hand in a lock and proceeded to conduct a pat down search.

11.     Officer Jones continued to apply a lock that twisted Mr. White's thumb.

12.     The Officer's act caused a feeling of numbness and pain in Mr. White's elbow and shoulder. Mr. White pleaded with the Officer to release his thumb due to the excruciating pain.

13. After several moments, Officer Jones released Mr. White. Another yet to be identified Berkeley Police Officer told Mr. White he was free to go.

14. However, Mr. White realized his right arm was injured due to the incident. Mr. White asked the Officers for assistance with his injuries. The Officers refused.

15. Mr. White then walked to the Berkeley Police Station to file a complaint detailing his injuries.

16. As a result of the incident, Mr. White suffered a sprained thumb. Mr. White also continues to feel pain in his shoulder.

## DAMAGES

17. As a proximate result of Defendants' conduct, Plaintiff suffered wrongful arrest, wrongful detention and substantial physical injuries. As a further proximate result of Defendants' conduct, Plaintiff incurred damages caused by the assault, battery and his wrongful detention. Plaintiff suffered severe and extreme emotional distress, fear, terror, anxiety, humiliation, and loss of sense of security, dignity, and pride as a United States Citizen.

18. The conduct of Defendants was malicious, wanton, and oppressive. Plaintiff is therefore entitled to and aware of punitive damages against said Defendants.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

### (42 U.S.C. Section 1983- 4th Amendment Violation)

(Against Defendants, City of Berkeley, and DOES 1-50)

19. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 18 of this Complaint.

20. In doing the acts complained of herein, Defendants and DOES 1-50, inclusive, and/or each of them, acted under color of law to deprive Plaintiff of certain constitutionally

protected rights, including, but not limited to:

    a.    The right to be free from excessive force as a result of unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

    b.    The right to be free from excessive force in the course of being deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution;

    c.    The right to be free from the use of excessive force, which is guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution;

    d.    The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to the United States Constitution; and/or,

    e.    The right to be free from interference within the zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution;

21.    The facts indicate that Defendant did not have reasonable suspicion based on articulable facts to believe that plaintiff was involved in a crime. However, the officer stopped Plaintiff to question him. Plaintiff was leaving a store when Officer Jones approached. There were no other facts to indicate that plaintiff was engaged in criminal activity. Thus, they conducted an invalid stop and detention.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION

**(Assault and Battery)**

(Against Defendants, City of Berkeley, and DOES 1-50)

22. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 21 of this Complaint.

23. Defendants' above-described actions constituted intent to place plaintiff in immediate fear of an offensive contact upon Plaintiff's person. Defendants' conduct also constituted intent to cause a harmful offensive contact upon Plaintiff's person. Defendant did not have consent, authority, or necessity to justify his conduct.

24. Defendant conduct of stopping and detaining Plaintiff placed Plaintiff in fear of bodily harm. Defendant utilized harmful offensive contact upon Plaintiff's person, when he utilized force to effectuate the unlawful stop. The harmful offensive contact consisted of applying a type of lock on Plaintiff's hand. Defendant did not have plaintiff's consent to use unlawful force on Plaintiff's person. Moreover, officer Defendant did not have authority to justify his conduct given that the initial stop was unreasonable

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION

**(False Arrest and Imprisonment)**

(Against Defendants, City of Berkeley, , and DOES 1-50)

25. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 24 of this Complaint.

26. Defendants intentionally deprived Plaintiff of freedom of movement by use of physical barriers, force, threats of force and menace. Defendants restrained, confined, and detained Plaintiff for appreciable time, without Plaintiff's knowing and voluntary consent.

Plaintiff was actually harmed; and Defendants' conduct was a substantial factor in causing Plaintiff's harm.

27. Defendant deprived Plaintiff of free movement, when he effectuated an unlawful stop. Moreover, Defendant's utilization of an arm lock on Plaintiff constituted the use physical barriers, force and threats of force to confine and detain Plaintiff. Plaintiff did not consent to being stopped in violation of his Fourth Amendment rights. Moreover, the lock used to complete the unreasonable stop caused Plaintiff to suffer injury to his arm.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION

**(Intentional Infliction of Emotional Distress)**

(Against Defendants, City of Berkeley, and DOES 1-50)

28. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 27 of this Complaint.

29. Defendants' actions constituted extreme outrageous conduct intended to cause Plaintiff's emotional distress. Defendant's actions constituted extreme and outrageous conduct with the intent to cause plaintiff to suffer emotional distress.

30. Defendant's act of applying a lock to plaintiff's arm constituted extreme outrageous conduct. Moreover, defendant cause Plaintiff to suffer extreme emotional distress when he recklessly and intentionally injured Plaintiff during an unlawful detention.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FIFTH CAUSE OF ACTION

**(Violation of Civil Code Section 51.7)**

(Against Defendants, City of Berkeley, and DOES 1-50)

31. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 29 of this complaint.

32. Plaintiff is informed and believes and thereon alleges that Defendant's conduct was motivated by racial prejudice against Plaintiff. Plaintiff is and was readily recognizable as African American. Defendants' conduct constituted violations of Plaintiff's rights pursuant to California Civil Code § 51.7. Under § 51.7, individuals have a right to be free from violence, or intimidation by threat of violence committed against them because of race.

33. Under the provisions of California Civil Code Section 52(b), Defendants are liable for each violation of Civil Code Section 51.7 for punitive damages, an additional $25,000.00, and for reasonable attorney's fees.

34. As stated above, there were no articulable or observable facts to indicate that plaintiff was engaged in or had recently been engaged in criminal activity, when stopped by Defendant. The circumstances imply that Defendant racially profiled Plaintiff. Plaintiff's race was the only observable factor, which motivated Defendant to detain Plaintiff. Race alone cannot constitute reasonable suspicion.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### SIXTH CAUSE OF ACTION

**(Violation of Civil Code Section 52.1)**

(Against Defendants, City of Berkeley, and DOES 1-50)

35. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 34 of this Complaint.

36. Defendants' above-described conduct constituted violations of California Civil Code §52.1. Under California Civil Code §52.1, individuals have a right to be free from interference with the peaceable exercise and enjoyment of rights guaranteed by the U.S. Constitution and the State of California.

37. Defendant stopped and searched Plaintiff without justification or authority. Defendant utilized the infliction of pain as a means of intimidation and coercion, interfering with Plaintiff's right to exercise or enjoyment of rights secured by the constitution and laws of the United States.

WHEREFORE, Plaintiff prays for relief, as hereinafter set forth.

## SEVENTH CAUSE OF ACTION

**(Negligence)**

(Against Defendants, City of Berkeley, and DOES 1-50)

38. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 37 of this complaint.

39. At all times herein mentioned, Defendants and DOES 1- 50, inclusive, breached a duty of reasonable care to avoid causing unnecessary physical harm and distress to Plaintiff by their use of excessive force in detaining Plaintiff. The wrongful conduct of Defendants, as set forth herein, breached the standard of care to be exercised by reasonable persons and proximately caused Plaintiff to suffer injuries.

40. As a proximate result of Defendants' negligent conduct, Plaintiff suffered physical injury, severe emotional and mental distress, having a traumatic effect on Plaintiff's emotional tranquility.

41. Defendant breached a duty of reasonable care to plaintiff by performing an unreasonable stop and detention without proper justification. The unreasonable stop and detention was the actual cause of plaintiff's injury. Moreover, the unconstitutional, stop, detention and use of excessive force commenced a chain of events which caused injury to Plaintiff`s arm. Plaintiff suffered physical and emotional injuries as a result. Plaintiff neither contributed nor assumed the risk of his injuries.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### JURY DEMAND

42. Plaintiffs hereby demand a jury trial in this action.

### PRAYER

WHEREFORE, Plaintiffs pray for relief, as follows:

1. For general damages in a sum according to proof;
2. For special damages in a sum according to proof;
3. For punitive damages in a sum according to proof;
4. For injunctive relief enjoining Defendant from authorizing, allowing, or ratifying the practice by any police officer employee of Defendant from using excessive and unreasonable force against persons, pursuant to California Civil Code Section 52.1;
5. For violation of California Civil Code Sections 52 and 52.1, statutory damages, and reasonable attorney's fees;
6. For violation of California Civil Code Section 52(b), punitive damages against Defendant sheriffs/police, $25,000.00 for each offense and reasonable attorney's fees;

7. For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;

8. For cost of suit herein incurred; and

9. For such other and further relief as the Court deems just and proper.

Dated:  June 8, 2015                                **LAW OFFICES OF JOHN L. BURRIS**

By: /s/ John L. Burris
John L. Burris, Esq.
 Attorney for Plaintiff